IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE CALDERON <br> on behalf of himself individually, <br> and ALL OTHERS SIMILARLY <br> SITUATED <br> <br> Plaintiffs, <br> <br> v. <br> <br> NABORS DRILLING TECHNOLOGIES <br> USA INC., and <br> EXPRESS PAYROLL INC. <br> Defendants. | § § § § § § § § § § § § § § | Civil Action No.  17-cv-710 <br> <br> <br> <br> COLLECTIVE ACTION <br> (JURY TRIAL) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1.  On March 6, 2017, Nabors Drilling Technology USA Inc., called its welders at their Houston Texas location into a meeting and informed them that they were aware of their intent to file an FLSA lawsuit to claim overtime wages.  At said meeting, the welders were told that if any of them filed an FLSA lawsuit, they would be immediately terminated.  Nabors Drilling Technologies USA Inc. and Express Payroll Inc. do not pay their Welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Instead, Nabors Drilling Technologies USA Inc and Express Payroll Inc. pays its Welders straight time, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Jose Calderon, and the other Welders are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

1

2. Nabors Drilling Technologies USA Inc. has been repeatedly sued for denying overtime wages in violation of the Fair Labor Standards Act.

3. Nabors Drilling Technologies USA Inc.'s conduct in continuing to violate the FLSA despite knowledge of the Act constitutes a willful violation.

4. Defendant Nabors Drilling Technologies USA Inc and Express Payroll Inc. have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

5. Defendant Nabors Drilling Technologies USA Inc. is a foreign corporation with locations throughout Texas and the United States. Nabors Drilling Technologies USA Inc. may be served with process through its Registered Agent, CT Corporation System at 1999 Byran Street, Suite 900, Dallas, Texas 75201-3136.

6. Defendant Express Payroll Inc. is a Domestic Corporation with locations throughout Texas. It may be served with process through its Registered Agent, Henry R. Link at 7662 N. US Hwy 287, Tennessee Colony, Texas 75861.

7. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

8. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or

indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, Nabors Drilling Technologies USA Inc and Express Payroll Inc. are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

9. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Nabors Drilling Technologies USA Inc and Express Payroll Inc. who maintained a uniform pay policy denying overtime wages to its Welders and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

10. Defendant Express Payroll Inc. is a staffing company that hired Plaintiff and putative class members and issued their paychecks.

11. Defendant Nabors Drilling Technologies USA Inc. employed Plaintiff and putative class members at its Houston Texas location and other locations throughout the state of Texas.

12. Defendants managed Plaintiff and putative class members throughout the course and scope of their employment.

13. Putative class members are all similarly situated Welders hired by Express Payroll Inc. who worked at Nabors Drilling Technologies USA Inc. and were paid straight time instead of time and a half for hours worked above forty (40) per week.

### JURISDICTION AND VENUE

14. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

**PARTIES**

16. Jose Calderon worked for Nabors Drilling Technologies USA Inc. and Express Payroll Inc. as a Welder. His written consent is attached.

17. Plaintiff was hired by Express Payroll Inc. and employed by Nabors Drilling Technologies USA Inc. at its Houston, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

18. The "FLSA Class Members" are all Welders who were hired by Express Payroll Inc. and employed by Nabors Drilling Technologies USA Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

**FACTS**

19. Jose Calderon was an employee of Express Payroll Inc. and employed by Nabors Drilling Technologies USA Inc. at its location in Houston, Texas.

20. Jose Calderon was not an independent contractor.

21. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Jose Calderon time and a half for the hours worked past forty (40) each week while employed by defendants.

22. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. paid Plaintiff Jose Calderon straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

23. Jose Calderon has been employed by Defendants as a Welder since 2005 Plaintiff is currently employed by defendants.

24. The work performed by Plaintiff was the primary type of work that the companies provide for their respective customers.

25. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

26. Nabors Drilling Technologies USA Inc. and Express Payroll Inc.'s Welders relied on Defendants for their work.

27. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. determined where its Welders worked and how they performed their duties.

28. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. set Welders' hours and requires them to report to work on time and leave at the end of their scheduled hours.

29. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. Welders at all locations work exclusively for Nabors Drilling Technologies USA Inc. and Express Payroll Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

30. Welders are not permitted to hire other workers to perform their jobs for them.

31. The Welders do not employ staff, nor do they maintain independent places of business.

32. Welders employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Nabors Drilling Technologies USA Inc. and Express Payroll Inc. each day.

33. The Welders employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were

told to work, which is controlled exclusively by Nabors Drilling Technologies USA Inc. and Express Payroll Inc..

34. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. pays Welders in return for their labor.

35. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

36. Nabors Drilling Technologies USA Inc and Express Payroll Inc. keeps records of the hours it instructed its Welders to work. Defendants also keep records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

37. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

38. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

39. In addition to Jose Calderon, defendants employed approximately seventy of other Welders at the location where Plaintiff worked and at other locations. These Welders worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Jose Calderon.

40. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Welders hired by Express Payroll Inc. who worked at Nabors Drilling Technologies USA Inc. at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

41. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Nabors Drilling Technologies USA Inc. and Express Payroll Inc. violated the FLSA.

42. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

43. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

44. Nabors Drilling Technologies USA Inc. and Express Payroll Inc. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

45. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**